91 F.3d 158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jin Hua YU, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70277.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1996.
Decided July 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jin Hau Yu, a native and citizen of China, petitions for review of the Board of Immigration Appeals decision affirming an immigration judge's denial of Yu's request for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h).
 
 
 3
 The question is whether substantial evidence supports the BIA's determination that petitioner failed to establish past persecution or a well-founded fear of future persecution. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); 11 U.S.C. § 1101(a)(42)(A). Yu argues that China will persecute him if he returns because of his participation in prodemocracy student demonstrations in Guangdong province in 1989, his subsequent protests at the Chinese embassy in Vancouver, Canada, and his opposition to China's one-child policy.
 
 
 4
 This court can reverse the BIA's determination only if Yu presented evidence "so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84. Yu offered no evidence that he was persecuted following his participation in the Guangdong demonstrations. Indeed, Yu agrees that he was permitted to leave China after the Guangdong protests, aboard the government ship where he worked as a sailor.
 
 
 5
 Further, although Yu did offer evidence that a "political committee" on his ship had word from China in 1990 that he was a protestor and that he was therefore denied shore leave, the evidence does not show that China currently intends to persecute Yu for his political activity or beliefs. To the contrary, the record contains the State Department's advisory opinion on country conditions, stating in relevant part that the "crackdown" in Guangdong after the Tiananmen Square protests was relatively mild and resulted in few arrests.
 
 
 6
 Nor is the IJ's conclusion that Yu failed to meet his burden to prove that China currently intends to persecute him contradicted by Yu's testimony that his parents were questioned by Chinese authorities, as Yu failed to specify when his family was questioned. Likewise, although Yu testified that there is currently a warrant for his arrest in China, Yu offered no evidence to show that the warrant issued because of Yu's political activities and not because Yu quit his government job as a sailor, which is illegal under Chinese law. In short, Yu's evidence does not establish that he has any well founded fear of persecution because of his prodemocracy activities and views.
 
 
 7
 Finally, Yu fails to set forth any evidence that the application of China's one-child policy to him was or would be discriminatory or persecutorial. See Matter of Chang, Int.Dec. 3107 (BIA 1989).
 
 
 8
 Petition for review DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3